James Weiler, AZ Bar No. 034371
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jodeci Vanorden**, an Arizona resident, and **Gabriella Gantt**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**ECP Optometry Services, LLC**, a Delaware company, and **Eyecare Partners, LLC**, a Delaware company;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ*.**<br><br>**(Jury Trial Requested)** |

Plaintiff Jodeci "Jodi" Vanorden and Gabriella Gantt ("**Plaintiffs**"), individually, and on behalf of all other persons similarly situated for their Collective Action Complaint against Defendants ECP Optometry Services, LLC ("**ECP**"), and Eyecare Partners LLC ("**Eyecare**") (collectively "**Defendants**") hereby allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs and the Collective Members[1] are current and/or former employees employed by Defendants.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2.  Plaintiffs bring this action on behalf of themselves and all other similarly situated Collective Members, who were not fully compensated for their off-the-clock overtime wages.

3.  Plaintiffs and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked off the clock in excess of 40 hours in a given workweek.

4.  Plaintiffs and the Collective Members bring this action against Defendants for their unlawful failure to all pay off the clock overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5.  This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9. At all relevant times to the matters alleged herein, Plaintiffs resided in the District of Arizona.

10. At all relevant times to the matters alleged herein, Plaintiff Jodi Vanorden was a full-time employee of Defendants from in or around January 24, 2023, to on or around April 1, 2024.

11. At all relevant times to the matters alleged herein, Plaintiff Jodi Vanorden was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times to the matters alleged herein, Plaintiff Jodi Vanorden was a non-exempt employee of Defendants.

13. At all relevant times to the matters alleged herein, Plaintiff Jodi Vanorden was an hourly employee of Defendants.

14. At all relevant times to the matters alleged herein, Plaintiff Jodi Vanorden was not a salaried employee of Defendants.

15. At all relevant times to the matters alleged herein, Plaintiff Gabriella Gantt was a full-time employee of Defendants from on or around March 15, 2023, to on or around April 2, 2024.

16. At all relevant times to the matters alleged herein, Plaintiff Gabriella Gantt was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

17. At all relevant times to the matters alleged herein, Plaintiff Gabriella Gantt was a non-exempt employee of Defendants.

18. At all relevant times to the matters alleged herein, Plaintiff Gabriella Gantt was an hourly employee of Defendants.

19. At all relevant times to the matters alleged herein, Plaintiff Gabriella Gantt was not a salaried employee of Defendants.

20. Defendant ECP is a company authorized to do business in Arizona.

21. Defendant ECP was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

22. Defendant Eyecare is a company authorized to do business in Arizona.

23. Defendant Eyecare was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

24. Both Defendants names are on Plaintiffs' paystubs.

25. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

26. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

27. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

28. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2024.

29. At all relevant times, Plaintiffs were engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiffs, in their work for Defendants, were engaged

in interstate commerce.

32. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

32. Plaintiffs used the telephone and email to communicate with Defendants.

33. Plaintiffs are covered employees under individual coverage.

34. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF VANORDEN AND GANTT

35. The entity Defendants are optometrist offices.

36. In or around January 24, 2023, Plaintiff Jodi Vanorden commenced employment with Defendants.

37. On or around March 15, 2023, Plaintiff Gabriella Gantt commenced employment with Defendants.

38. Plaintiff Jodi Vanorden's regular rate of pay was $23.00 an hour.

39. Plaintiff Jodi Vanorden routinely worked in excess of 40 hours per week.

40. Plaintiff Jodi Vanorden routinely worked off the clock and was not compensated anything for those overtime hours.

41. Plaintiff Gabriella Gantt's regular rate of pay was $22.00 an hour.

42. Plaintiff Gabriella Gantt routinely worked in excess of 40 hours per week.

43. Plaintiff Gabriella Gantt routinely worked off the clock and was not compensated anything for her overtime hours.

44. Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all their worked off the clock overtime hours.

45. For example, Plaintiff Jodi Vanorden estimates that she worked an average

of around 16-28 off the clock hours per week.

46. For example, Plaintiff Gabriella Gantt estimates that she worked an average of around 10 off the clock hours per week.

47. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their off the clock overtime hours.

48. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours.

49. Defendants required Plaintiffs to work off the clock overtime as a condition of their employment.

50. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

51. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

52. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

53. Defendants had not kept proper records in violation of 29 C.F.R. § 516.2.

54. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

**COLLECTIVE ACTION ALLEGATIONS**

55. Plaintiffs, on behalf of themselves and the Collective Members, re-allege and incorporate by reference all allegations in all preceding paragraphs.

56. Plaintiffs bring this action on behalf of themselves and all other similarly

situated individuals pursuant to 29 U.S.C. § 216(b).

57. The proposed collective class for the FLSA claim is defined as follows:

**All employees who work[ed] for Defendants ECP Optometry Services, LLC and/or Eyecare Partners, LLC; within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee; who worked on an hourly basis; who did not receive overtime compensation for their off the clock work are known as (the "Collective Members").**

58. Plaintiffs have given their written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

59. Plaintiffs' signed consent forms are attached as **"Exhibit 1".**

60. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

61. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.

62. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

63. Defendants paid Plaintiffs and the Collective Members an hourly rate.

64. Plaintiffs and the Collective Members routinely worked over forty (40) hours

in a given workweek and were not compensated by Defendants with overtime pay for all off the clock hours they worked over forty in a given workweek.

65. As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of all off the clock overtime pay.

66. Defendants' failure to pay off the clock overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

67. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

68. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

69. Notice of this action should be sent to all similarly situated employees.

70. There are numerous similarly situated employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

71. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

72. Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

74. While employed by Defendants, Plaintiffs and the Collective Members worked numerous hours of overtime that Defendants did not pay.

75. As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members all owed overtime according to the provisions of the FLSA.

76. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

77. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal law, and Defendants was aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

78. As a result of Defendants' failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

79. Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiffs'

and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that Defendants committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. Such other relief as this Court shall deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 8, 2024.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff