**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodeci Vanorden, et al., | No. CV-24-01060-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| ECP Optometry Services LLC, et al., | |
| Defendants. | |

      This is a collective action under the Fair Labor Standards Act ("FLSA"). In December 2024, the Court issued an order granting Plaintiffs' motion for conditional certification of a nationwide collective of Defendants' current and former employees: "Plaintiffs bring this action on behalf of themselves and . . . [a]ll employees who work[ed] for [Defendants] within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee; who worked on an hourly basis; who did not receive overtime compensation for their off the clock work." (Doc. 47 at 2.) That order also required Defendants to provide contact information for the Collective Members, authorized Plaintiffs to send nationwide notice to the Collective Members, and established a deadline for the Collective Members to opt into this action. (*Id.*) All told, approximately 116 Collective Members based in Arizona (together, "the Arizona Collective") and 496 Collective Members from outside Arizona (together, "the Non-Arizona Collective") have now filed opt-in forms. (Doc. 179 at 2.)

      At the time this action was filed, there was a "split among circuit and district courts"

regarding whether district courts must perform a "claim-by-claim analysis for specific personal jurisdiction . . . in FLSA collective actions" and, relatedly, whether it is proper to provide "nationwide notice" in FLSA collective actions. *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 685 (9th Cir. 2025). On July 1, 2025, the Ninth Circuit waded into that circuit split and concluded that it is error for a "district court . . . [to] assum[e] that the participation of a single plaintiff with a claim arising out of [a defendant's] business in Arizona [is] sufficient to establish personal jurisdiction over [the defendant] for all claims in the collective action." *Id.* at 687.

Based on *Harrington*, both sides in this action now agree that the Court lacks personal jurisdiction with respect to the claims of the 496 members of the Non-Arizona Collective. (Docs. 177, 179.) However, the parties disagree about how to proceed in light of this lack of personal jurisdiction—Defendants argue that the claims of the 496 members of the Non-Arizona Collective should be dismissed while Plaintiffs argue that those Plaintiffs' claims should be severed from the claims of the members of the Arizona Collective and then transferred to the United States District Court for the Eastern District of Missouri.[1] On August 26, 2025, after hearing oral argument from the parties, the Court agreed with Plaintiffs that, similar to the course of action followed in *Medina v. Happy's Pizza Franchise, LLC*, 2012 WL 1094353 (N.D. Ill. 2012), the most appropriate course of action here is to sever the claims of the 496 members of the Non-Arizona Collective, treat those claims as a separate FLSA collective action, and then transfer that newly formed FLSA collective action to the United States District Court for the Eastern District of Missouri. (Doc. 183.) Plaintiffs have since specified that the member of the non-Arizona Collective to be identified as the "lead Plaintiff" in the caption of the newly formed FLSA collective action is Kyle Topps. (Doc. 185.)[2]

---

[1] Defendants acknowledge that they would be subject to personal jurisdiction in the transferee court. (Doc. 181 at 9 ["If the Court dismisses the claims of the non-Arizona employees, they can bring a new action in the E.D. Mo., where Defendants are at home and which court would have jurisdiction over their claim . . . ."]).

[2] As discussed in *Medina*, it is something of a misnomer to refer to the "lead plaintiff" in an FLSA collective action. *Medina*, 2012 WL 1094353 at *5 ("Defendants also argue that none of the three subclasses containing out-of-state plaintiffs would have a named

Accordingly,

**IT IS ORDERED** that:

1. The Clerk of Court shall create a new action captioned as *Kyle Topps et al. v. ECP Optometry Services, LLC and Eyecare Partners, LLC*. The Plaintiffs in that action are the 496 members of the Non-Arizona Collective, whose claims are severed from this action.

2. The Clerk of Court shall transfer the newly formed action to the United States District Court for the Eastern District of Missouri.

Dated this 27th day of August, 2025.

Dominic W. Lanza
United States District Judge

---

plaintiff. Defendants state that this will be particularly problematic once the subclasses are transferred to district courts in Michigan and Ohio. But beyond a general reference to the FLSA, defendants do not provide any support for the contention that opt-in plaintiffs must have a named plaintiff to 'represent' them. Unlike class members in a Rule 23 class action, opt-in plaintiffs in a collective action have affirmatively decided to become plaintiffs and thus are full parties. . . . Every opt-in plaintiff is a party to the case. As a result, the subclasses need not have 'named' plaintiffs in order to exist as separate actions."). *See also Harrington*, 142 F.4th at 686 ("[W]e have made clear that a collective action under the FLSA is not a comparable form of representative action. The FLSA collective mechanism is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases.") (cleaned up).