**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodeci Vanorden, et al., | No. CV-24-01060-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| ECP Optometry Services LLC, et al., | |
| Defendants. | |

Pending before the Court is an *ex parte* motion to withdraw as counsel of record without client consent, filed by attorneys Jason Barrat, James Weiler, and Weiler Law PLLC and Michael Zoldan, James Burr Shields and Shields Petitti & Zoldan, PLC ("Counsel"), who wish to withdraw from representing Gabriella Gantt, one of the two named plaintiffs in this FLSA collective action. (Doc. 192.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client does not affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice

withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."). "[T]he trial court retains wide discretion in a civil case to grant or deny counsel's motion to withdraw." *Bohnert v. Burke*, 2010 WL 5067695, *1 (D. Ariz. 2010). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ariz. R. Prof'l. Cond. ER 1.16(c).

Counsel assert that Gantt has been "unresponsive" for two weeks, failing to respond to Counsel's "almost daily" emails and phone calls, and that the other plaintiffs would be prejudiced "if they were held up because of Gantt being unresponsive." (Doc. 192 at 2.)

As a preliminary matter, although ideally clients should respond quickly to communications from their lawyers, two weeks of unresponsiveness—especially during what appears to be a noncrucial stage in the litigation—does not strike the Court as enough time to resort to withdrawal without consent. There may be extenuating circumstances (*e.g.*, a recent hospitalization, an extended trip abroad, etc.) that would explain why Gantt has not been responsive.

More significantly, Counsel offer no authority for the proposition that the unresponsiveness of one of the two named plaintiffs in an FLSA collective action would somehow prejudice Counsel's ability to represent the remaining plaintiffs (both named and opt-in) in the collective action. In the absence of any authority provided by Counsel, the Court has conducted some independent research and has not found cases suggesting that a named plaintiff in a collective action has the power to derail a case via a lapse in participation. If there is case law suggesting that when there are multiple named plaintiffs in a collective action, there needs to be a consensus between those named plaintiffs before the attorneys for the case can take any action, such that lack of participation from any one of those named plaintiffs stymies the whole action, it is Counsel's burden, as the movant, to find and cite this authority.

In the absence of authority so holding, it seems more likely that where there are

multiple named plaintiffs and myriad opt-in plaintiffs in a collective action, and one of the named plaintiffs cannot or does not participate during a two-week period in the litigation, the other named plaintiff(s) continue to work with the attorneys, and the unresponsive named plaintiff assumes (for the time being) the same position as the many other plaintiffs who are not actively participating in discussions with the attorneys.

Indeed, in a collective action, there is no legal distinction between the named plaintiffs and the opt-in plaintiffs. The seminal Ninth Circuit case regarding FLSA collective actions is *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018). There, the Ninth Circuit explained that a collective action is not a "form of representative action" and is "more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree," such that "the result of joining the collective is the same status in relation to the claims of the lawsuit as that held by the original named plaintiffs." *Id.* at 1105 (cleaned up).

"The collective mechanism is meant to ensure that party plaintiffs have the option of benefitting from the efficiencies of collective litigation," *id.* at 1119, and workers have a "statutory right to proceed collectively." *Id.* at 1099. Although the Court has held that each plaintiff in a collective action has the right to choose not to be represented by the attorneys representing the rest of the plaintiffs, *Robinson v. Maricopa Cnty. Special Health Care Dist.*, 696 F. Supp. 3d 769, 787 (D. Ariz. 2023), surely one of the efficiencies of collective litigation is proceeding via common counsel. Thus, allowing Counsel to withdraw as counsel for one plaintiff in a collective action without her consent may prejudice that plaintiff's right to enjoy the benefits of the collective litigation. Moreover, if the result was that the suddenly unrepresented plaintiff felt it necessary to retain separate counsel, this could potentially complicate the litigation, thereby prejudicing the other plaintiffs, as well. *See, e.g.*, *Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 702 (S.D. Tex. 2016) (acknowledging that having multiple sets of attorneys representing

different plaintiffs in a collective action could "create managerial difficulties"); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) ("[Disparate representation] would lead to confusion, inefficiency and cumbersome proceedings.").

On this record, the justifiable cause standard is not met, and therefore Counsel's motion is denied without prejudice. *Harris v. Diamond Dolls of Nevada, LLC*, 2023 WL 6059667, *5 (D. Nev. 2023) ("As counsel has failed to show justifiable cause to withdraw without Harris's consent, the Court declines to grant counsel's request because doing so could result in injustice to Harris and further unnecessary delays in this already extensive litigation."). If Counsel choose to refile their withdrawal request, they should include a more detailed explanation of the relevant factors bearing on whether justifiable cause exists.

Accordingly,

**IT IS ORDERED** that Counsel's motion (Doc. 192) is **denied without prejudice**.

Dated this 21st day of October, 2025.

Dominic W. Lanza
United States District Judge