**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodeci Vanorden, et al., | No. CV-24-01060-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| ECP Optometry Services LLC, et al., | |
| Defendants. | |

The Court's standard preliminary order, which issued on May 9, 2024, sets forth specific requirements regarding protective orders:

> The Court's standard protective order is available on the Judges' Orders, Forms & Procedures page on the Court's internet site. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review. ***In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers***.

(Doc. 5 at 5 [emphasis added].)

On November 7, 2024, the parties filed a joint motion asking the Court to enter a protective order. (Doc. 40.) The joint motion did not include a redlined draft proposing revisions to the Court's standard order, so on November 8, 2024, the Court issued its standard protective order. (Doc. 41.)

On January 23, 2026, the parties filed a joint motion for an amended protective

order. (Doc. 225.) The motion provides boilerplate statements indicating that the parties have agreed that the proceedings may involve the discovery and use of confidential information and wish to provide means of protecting such information, but the motion does not explain why the Court's standard protective order, which has been in effect for over a year, is inadequate for their purposes. Furthermore, the proposed amended protective order does not adhere to the requirements set forth in the Court's preliminary order, as it does not include tracked changes allowing the Court to review revisions.

The Court prefers that the parties continue to operate pursuant to the Court's standard protective order. It is not a good use of judicial resources to examine attorney-drafted protective orders to determine whether they conform with the federal and local rules and this Court's procedures. Generally, the Court's standard order should suffice.

If the parties feel it is necessary to deviate from the Court's standard protective order, they may file a detailed motion that identifies every instance where the parties' order deviates from the Court's standard order and explains, with specificity, why each deviation is necessary. Furthermore, the parties must attach a redlined draft with "tracked changes" demonstrating how the parties' proposed protective order differs from the Court's standard order. A motion proposing an attorney-drafted protective order created from scratch—as opposed to an amended version of the Court's standard protective order—will be denied.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for an amended protective order (Doc. 225) is **denied without prejudice**.

Dated this 27th day of January, 2026.

Dominic W. Lanza
United States District Judge